UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDSAY TRANSMISSION, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:12-CV-221 (CEJ) |
| OFFICE DEPOT, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss Count III of plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b). Plaintiff has not filed a response to the motion and the time for doing so has expired.

Plaintiff Lindsay Transmission, LLC, alleges that it received three unsolicited facsimile transmission from defendant Office Depot, Inc. On December 23, 2011, plaintiff filed this purported class action in the Circuit Court of St. Louis County, Missouri, asserting claims of violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 (Count I), conversion of plaintiff's property (Count II), and violation of the Missouri Merchandising Practices Act, (MMPA)[1] Mo.Rev.Stat. §§ 407.010 *et seq.* (Count III). Defendant removed the action to this Court, asserting jurisdiction under 28 U.S.C. § 1331, and now moves to dismiss Count III for lack of standing or, in the alternative, for failure to state a claim for relief.

The MMPA authorizes a civil action by "[a]ny person <u>who purchases or leases merchandise primarily for personal, family or household purposes</u> and thereby suffers

---

[1] In Count III, plaintiff refers to the law as the "Missouri Consumer Fraud and Deceptive Practices Act – Chapter 407."

an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful." Mo.Rev.Stat. § 407.025 (emphasis added).  To state a claim under the MMPA, "the loss must occur to a person who purchases [or leases] merchandise primarily for personal, family or household purposes."  Dutch Jackson IATG, LLC v. Basketball Marketing Co., --- F. Supp. 2d ---, 2012 WL 124579, *5 (E.D. Mo. Jan. 17, 2012) (alteration in original, citation omitted).

Here, plaintiff does not allege an injury as a result of its purchase or lease of defendant's merchandise.  Thus, it is neither within the class of persons the MMPA was enacted to protect (consumers) nor does it allege an injury that the MMPA was intended to address.  Id.  See also Amburgy v. Express Scripts, Inc., 671 F. Supp. 2d 1046, 1057 (E.D. Mo. 2009) (dismissing claim where plaintiff failed to allege loss arising from purchase or lease).  Count III will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count III of the complaint [Doc. #12] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2012.