UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDSAY TRANSMISSION, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:12-CV-221 (CEJ) |
| OFFICE DEPOT, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to strike plaintiff's class allegations and on plaintiff's motion to compel discovery. Both motions are fully briefed.

I.   **Background**

Plaintiff Lindsay Transmission, LLC, alleges that, between March 6 and June 30, 2011, it received three unsolicited faxes advertising services available at the Office Depot located in Warrensburg, Missouri. Plaintiff brings this action asserting claims under the of the Telephone Consumers Protection Act (TCPA), 47 U.S.C. § 227.[1] Plaintiff seeks to proceed on behalf of a nationwide class of persons who received unsolicited advertising faxes from Office Depot in the four years preceding the filing of the action.

The Court entered a schedule for class-related discovery and set a deadline for plaintiff to file a motion for class certification. Plaintiff served defendant with interrogatories, requests for production of documents, and requests for admission

---

[1] Plaintiff also asserted claims for conversion and for violation of the Missouri Merchandising Practices Act (MMPA), Mo.Rev.Stat. §§ 407.010 *et seq.* The Court dismissed the MMPA claim pursuant to Fed.R.Civ.P. 12(b)(6) and plaintiff voluntarily dismissed its conversion claim.

seeking nationwide discovery.  Defendant generally limited its discovery responses to the store identified in the three facsimiles attached to plaintiff's complaint.  Plaintiff states that it is unable to file a class certification motion without the nationwide discovery it seeks.  Plaintiff asks the Court to compel defendant to respond to discovery requests regarding, *inter alia*, every advertising facsimile delivered anywhere in the United States from December 23, 2006 to the present, with detailed descriptions of the content of each facsimile, the sending and receiving telephone numbers for each facsimile, and the make and serial number of the sending device.

Defendant submits the declarations of several corporate staff members in opposition to plaintiff's motion to compel.  John Mullen, Vice President of North American Retail Operations, states that complying with plaintiff's demand for a nationwide investigation into facsimile advertising would require communication with each of 1,132 store managers at 1,111 retail stores.  He estimates that interviews with the managers would consume more than 2,000 hours; questionnaires would be less burdensome but would consume more than 180 hours of managers' time.

With respect to the substance of plaintiff's claims, Mr. Mullen states:

[1]   Office Depot has not had any national or regional marketing campaigns to send advertisements via facsimile during the last four years.

[2]   Office Depot does not train any employees to distribute advertisements via facsimile.  Office Depot has a Local Canvassing Program, which provides that canvassing flyers are supposed to be distributed via hand delivery by store managers when visiting local businesses or by mail.  There are no instructions in the canvassing materials that any advertisements should be distributed via facsimile.

[3]   The particular canvassing flyers attached . . . to Plaintiff's Class Action Petition (and other canvassing flyers of their type) were not and are not created for distribution by facsimile, but rather expressly for hand delivery by store managers visiting local businesses or to be mailed to local businesses.

>   [4]   Other than the allegations which make the basis of this lawsuit, Office Depot has not received any customer complaints in its customer service department regarding the receipt of advertisements from any Office Depot store location via facsimile within the past four years.

Def. Ex. A at ¶¶ 11-14 [Doc. #51].

Defendant also submits declarations from its seven regional vice presidents, including William Brown, whose region includes Missouri and the Warrensburg store. The other six regional vice presidents state without exception that they are not aware of (1) any employees or managers sending Office Depot advertisements to anyone by facsimile in the past four years; (2) any customer complaints regarding the receipt of faxed advertisements in the past four years; or (3) any national or regional campaigns by Office Depot corporate to send faxed advertisements. Furthermore, they state that Office Depot does not train its employees to distribute advertisements by facsimile. Def. Exs. B-F and H.

Mr. Brown states that he learned, in connection with this lawsuit, that faxes were sent from the Warrensburg store in 2011. Mr. Brown states that Sean Ryland, the Warrensburg store manager in 2011, instructed employees to send canvassing flyers to businesses and individuals in the Warrensburg Chamber of Commerce Membership Directory. Def. Ex. G. In his own declaration, Sean Ryland states that, on two or three occasions in 2011, he instructed employees to fax advertisements to individuals and businesses listed in the Chamber of Commerce directory. Def. Ex. I. He told the employees not to send facsimiles to individuals or businesses if they had a toll-free or long-distance number or were located outside the Warrensburg area. He told employees to record the name of the business or individual on the facsimile transmission reports, which he discarded after review. One business contacted the Warrensburg store and asked not to receive advertisements by facsimile. Mr. Ryland

does not recall which business made the request but states that he told the store employees to cross that business off the Chamber directory. He is not aware of any other complaints. Mr. Ryland also states that, in advance of the 2011 Super Bowl, he asked an employee to contact local food establishments to see whether they would include an Office Depot coupon with their delivery items. Mr. Ryland states that the coupons were delivered to consenting businesses via email or facsimile. He did not keep a log of those businesses to whom the coupons were delivered. Mr. Ryland is not aware of any other instance in which Office Depot advertisements were sent via facsimile.

Joe Barnard, the current manager of the Warrensburg store, states that in the course of his investigation for this lawsuit he located the Chamber of Commerce directory and 23 facsimile transmission verification reports dated June 27, 2011.[2] Def. Ex. J. He is unaware of any other instance in which Office Depot advertisements were sent via facsimile.

Jeannette Hilliard, a store associate at an Office Depot in Lee's Summit, Missouri, states that in 2010 she contacted local businesses to ask whether they would like to receive Office Depot coupons and advertisements. If a business consented, she acquired a fax number or email address and sent the Office Depot material in the specified manner. Def. Ex. K. She is unaware of any other instance in which Office Depot employees distributed advertisements via facsimile.

II.   **Legal Standard**

---

[2] Plaintiff's fax number is not among the 23 that were sent faxes on June 27, 2011. In its motion to compel, plaintiff states that the three faxes at issue were received on March 6, April 1, and June 30, 2011. [Doc. #45 at 3].

-4-

To be certified, a proposed class must satisfy the requirements of Rule 23(a), Fed.R.Civ.P., as well as one of the three alternatives in Rule 23(b).  Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 811 (7th Cir. 2012).  As a threshold matter, a proposed class must always meet the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation. When certification is sought under Rule 23(b)(3), as it is here, proponents of the class must also show: (1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy.  Id.  To determine whether common questions predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings.  See Blades v. Monsanto, 400 F.3d 562, 566 (8th Cir. 2005).  In conducting this preliminary inquiry, however, the court must look only so far as to determine whether, if the plaintiffs' general allegations are true, common evidence could suffice to make out a prima facie case for the class.  Id.  The plaintiff has the burden to establish the case is suitable for class certification under Rule 23.  Dumas v. Albers Med., Inc., No. 03-0640-CV-W-GAF, 2005 WL 2172030 (W.D. Mo. Sept. 7, 2005) (citing Blades, 400 F.3d at 569).  In addition, the plaintiff has the burden of showing "that the class is indeed identifiable as a class."  Oshana v. Coca-Cola Co., 472 F.3d 506, 513 (7th Cir. 2006).

### III.  Discussion

The TCPA prohibits any person within the United States from using "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 U.S.C. § 227(b)(1)(C).  The statute defines an unsolicited advertisement as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." § 227(a)(4).

Plaintiff seeks to certify a nationwide class defined as:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendant does not have an established business relationship and (5) which did not display a proper opt out notice.

Compl. ¶34.

Plaintiff argues that defendant's motion to strike is premature. However, Rule 23 directs the court to, "at an early practicable time . . . determine by order whether to certify the action as a class action." Rule 23(c)(1)(A). "In some cases, the propriety of certifying a class action can be decided before a motion for certification is filed and even before discovery on the certification issue." Bennett v. Nucor Corp., 3:04CV291 SWW, 2005 WL 1773948, at *2 (E.D. Ark. July 6, 2005). Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings. John v. National Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007).

Defendant contends that plaintiff's class allegations plead an impermissible fail-safe class that requires individualized merits-based determinations to ascertain class membership. Courts have variously treated this issue as a failure to define a sufficiently identifiable class (see Sadowski v. Med1 Online, LLC, No. 07-C-2973, 2008 WL 489360, at *3 n.1 (N.D. Ill. Feb. 20, 2008)), a failure to meet the "commonality" and "typicality" requirements of Rule 23(a) (see Forman v. Data Transfer, Inc., 164

F.R.D. 400, 404 (E.D. Pa. 1995)), or a failure to meet the predominance requirement of Rule 23(b)(3) (see Gene and Gene, LLC v. Biopay, LLC, 541 F.3d 318, 327 (5th Cir. 2008)). Under any of these approaches, plaintiff has failed to define a class that can be certified.

A fail-safe class is "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 825 (7th Cir. 2012). Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment. Id.; Randleman v. Fidelity Nat'l Title Ins. Co., 646 F.3d 347, 352 (6th Cir. 2011). "This type of class definition is called a 'fail safe' class because the class definition precludes the possibility of an adverse judgment against class members; the class members either win or are not in the class." Genenbacher v. CenturyTel Fiber Co. II, 244 F.R.D. 485, 488 (C.D. Ill. 2007). In this case, the proposed class includes only those persons to whom defendant sent faxes without prior consent and with whom defendant did not have an established business relationship. Thus, the proposed class consists solely of persons who can establish that defendant violated the TCPA.

Plaintiff's proposed class definition also requires addressing the central issue of liability to be decided in the case (see Forman v. Data Transfer, Inc., 164 F.R.D. 400, 403 (E.D. Pa. 1995)) and will require the Court to engage in an improper merits evaluation to determine who is in the class. The "need to make a determination for each class member as to whether the facsimile transmission was unsolicited, both by the lack of express permission and the absence of a prior business relationship, . . . makes class treatment . . . inappropriate and unmanageable." Levitt v. Fax.com, Civil

No. WMN-05-949, 2007 WL 3169078, at *3 (D. Md. May 25, 2007). Determining membership in the class would essentially require a mini-hearing on the merits of each case. Id. The proposed class definition "flies directly in the face of a basic tenet of class certification: a court may not inquire into the merits of the case at the class certification stage." Id. See also G.M. Sign, Inc. v. Franklin Bank, SSB, No. 06 C 949, 2007 WL 4365359, at *3 (N.D. Ill. Dec. 13, 2007) (rejecting TCPA class where "the proposed class definition improperly includes a component of a lack of defense, namely proof of express permission or invitation prior to the receipt of the fax advertisement."); Kennard v. Electronic Data Syst. Corp., No. 296-93-98, 1998 WL 34336245 (Tex. Dist. Ct. Oct. 23, 1998) (proposed TCPA class failed because "it requires the Court to determine whether a person gave prior express invitation or permission to receive the challenged fax and/or whether each potential class member had an existing business relationship with EDS.")

Plaintiff argues that similarly-defined classes have been certified. CE Design, Ltd. v. Cy's Crabhouse North, Inc., 259 F.R.D. 135 (N.D. Ill. 2009), involved "blast faxing" in which more than 7,000 faxes were delivered on behalf of the defendant in a nine-day period. Defendant argued that individualized determinations of whether the recipients consented would predominate over class claims. The court rejected this argument, noting that the defendants placed an order with a third party for a "fax broadcast" and took no steps to verify consent. This behavior, the court found, likely precluded individualized defenses of consent. Id. at 143. Similarly, Hinman v. M and M Rental Center, Inc., 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008), involved "fax broadcasts . . . sent en masse to recipients identified on a singular 'leads' list obtained from a singular source." Thus, membership in the class can be determined "by

-8-

reference to objective criteria," namely, "the lists generated by [defendants]." Id. at 806. See also Holtzman v. Turza, No. 08-C-2014, 2009 WL 3334909 (N.D. Ill. Oct. 14, 2009) (defendant engaged in blast faxing); G.M. Sign, Inc. v. Finish Thompson, Inc., No. 07-C-5953, 2009 WL 2581324 (N.D. Ill. Aug. 20, 2009) (same). Green v. Service Master on Location Servs. Corp., No. 07-C-4705, 2009 WL 1810769 (N.D. Ill. June 22, 2009) (same).

In this case, there is no evidence that defendant engaged in blast faxing on its own or through a third party or worked off a nationwide leads list. Indeed, the evidence indicates that there is no national policy of distributing advertising materials via facsimile transmission. Determining class membership will require the kind of individualized determinations — the absence of prior consent and the absence of a prior business relationship — precluded by Rule 23.

Plaintiff's motion to compel is directed to defendant's refusal to provide nationwide discovery. Because the Court finds that the class allegations cannot proceed, the motion to compel is moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike class allegations [Doc. #49] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery [Doc.#45] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2013.