UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDSAY TRANSMISSION, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-221 (CEJ) |
| ) | |
| OFFICE DEPOT, INC., ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to amend its complaint. Defendant has filed a response in opposition to the motion and the issues are fully briefed.

    I.    **Background**

Plaintiff Lindsay Transmission, LLC, alleges that, between March 6 and June 30, 2011, it received three unsolicited faxes advertising services available at the Office Depot located in Warrensburg, Missouri. Plaintiff filed suit, asserting claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff sought certification of a nationwide class of persons who received unsolicited advertising faxes from Office Depot in the four years preceding the filing of this action. On January 24, 2013, the Court granted defendant's motion to strike plaintiff's nationwide class allegations. Plaintiff now seeks leave to amend its complaint to bring this action on behalf of a class defined as follows:

> All persons who (1) on or after February 1, 2011 through August 31, 2011 (2) were sent telephone facsimile messages, from the Office Depot Store #2142, located in Warrensburg, Missouri, the same or similar to Exhibits 1, 2 and 3 by or on behalf of Defendant Office Depot.

In support of its proposed amended class definition, plaintiff submits the deposition testimony of the defendant's store manager, who stated that in 2011 he gave employees a copy of the Warrensburg Chamber of Commerce directory and told them to fax advertising materials to "the whole Chamber list." The deposition testimony of other store employees reflects that the advertisements were faxed to every company on the list that had a fax number and that the employees did not seek the companies' permission before sending the faxes

II.   Discussion

The TCPA prohibits any person within the United States form using "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The statute defines an unsolicited advertisement as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." § 227(a)(4).

The Court found that plaintiff's original class definition failed to satisfy Rule 23 because determining class membership would require individualized determinations regarding the absence of prior consent and the absence of a prior business relationship. Defendant argues that the new class definition, while narrower than the original class, will still require these individualized determinations in order to ascertain class membership. The Court disagrees. The evidence that faxes were sent to a list of businesses likely precludes individualized defenses of consent. CE Design, Ltd. v. Cy's Crabhouse North, Inc., 259 F.R.D. 135, 143 (N.D. Ill. 2009). See also Hinman v. M and M Rental Center, Inc., 545 F.Supp.2d 802, 806-807 (N.D. Ill.

2008)(commonality and typicality under Rule 23 "are generally met where . . . a defendant engages in a standardized course of conduct vis-a-vis the class members, and plaintiffs' alleged injury arises out of that conduct." [citing Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998)]).

Defendant also complains that it will be prejudiced if plaintiff is given leave to amend because discovery has now closed.  The Court will not speculate as to whether or to what extent the amended complaint will trigger the need for additional discovery. The parties are in the best position to determine this and to assess the propriety of requesting that discovery be reopened.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend the complaint [Doc. #75] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **March 27, 2013**, the parties shall submit a joint proposed scheduling plan for class discovery and certification.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2013.