IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDSAY TRANSMISSION, LLC, individually and on behalf of all others similarly-situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICE DEPOT, INC.,<br><br>    Defendant. | Case No. 4:12-cv-00221-CEJ |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, LINDSAY TRANSMISSION, LLC ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, OFFICE DEPOT, INC., ("Defendant"):

### PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of sending unsolicited facsimiles.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy.

1

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA and a declaration that defendant's conduct violated the TCPA.

## JURISDICTION AND PARTIES

6.     This court has personal jurisdiction over Defendant because Defendant transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

7.     Plaintiff LINDSAY TRANSMISSION, LLC, is a Missouri limited liability company with its principal place of business in Missouri.

8.     Defendant, OFFICE DEPOT, INC., is a corporation with its principal place of business in Florida doing business in the state of Missouri.

## FACTS RELEVANT TO ALL COUNTS

9.     On or about March 6, 2011 Defendant from its location in Warrensburg, Missouri sent an unsolicited facsimile to Plaintiff in Johnson County, Missouri.  A true and correct copy of the facsimile is attached as Exhibit 1.

10.    On or about April 1, 2011 Defendant from its location in Warrensburg, Missouri sent an unsolicited facsimile to Plaintiff in Johnson County, Missouri.  A true and correct copy of the facsimile is attached as Exhibit 2.

11. On or about June 30, 2011 Defendant from its location in Warrensburg, Missouri sent an unsolicited facsimile to Plaintiff in Johnson County, Missouri. A true and correct copy of the facsimile is attached as Exhibit 3.

12. Defendant approved, authorized and participated in the scheme to broadcast faxes by using the Warrensburg Chamber of Commerce list (a) directing and supervising employees to send the faxes; (b) creating and approving the form of fax to be sent; and (c) determining the number and frequency of the facsimile transmissions.

13. Defendant created or made Exhibits 1 – 3, which Defendant distributed to Plaintiff and the other members of the class.

14. Exhibits 1 – 3 are a part of Defendant's work or operations to market Defendant's goods or services which was performed by Defendant and/or on behalf of Defendant.

15. Exhibits 1 – 3 constitute material furnished in connection with defendant's work or operations.

16. Exhibits 1 – 3 hereto is material advertising the commercial availability of any property, goods, or services.

17. The transmissions of Exhibits 1 – 3 to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited facsimiles.

18. The transmissions of Exhibits 1 – 3 to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the facsimiles not to send any future facsimiles to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful.

19. The transmissions of Exhibits 1 – 3 to Plaintiff did not contain at the top or bottom of the first page, the correct date and time it was sent and an identification of the entity sending the message and the telephone number of the sending machine or of such entity.

20. The transmissions of Exhibits 1 – 3 to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

21. The transmissions of Exhibits 1 – 3 to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

22. Plaintiff had not invited or given permission to Defendant to send facsimiles.

23. Defendant sent multiple unsolicited facsimiles to Plaintiff and members of the proposed classes throughout the time period covered by the class definition.

24. Defendant faxed the same and similar facsimiles to the members of the proposed classes in Missouri without first obtaining the recipients' prior express permission or invitation.

25. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

26. Defendant knew or should have known that:  (a) Exhibits 1 – 3 were advertisements; (b) Defendant did not obtain prior permission or invitation to send Exhibits 1 – 3; and (c) Defendant did not display a proper opt out notice on Exhibits 1 – 3.

27. Defendant failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of Exhibits 1 – 3 both to others in general, and specifically to Plaintiff.

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

28. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29. Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after February 1, 2011 through August 31, 2011, (2) were sent telephone facsimile messages, from the Office Depot Store #2142, located in Warrensburg, Missouri, the same or similar to Exhibits 1, 2 and 3 by or on behalf of Defendant Office Depot.

30. A class action is warranted because:

   a. Through discovery, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

   b. There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

   i. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

   ii. Whether Exhibits 1 – 3 contains material advertising the commercial availability of any property, goods or services;

   iii. The manner and method Defendant used to compile or obtain the list of fax numbers to which they sent Exhibits 1 – 3 and other unsolicited faxed advertisements;

   iv. Whether Defendant faxed advertisements without first obtaining the recipients' prior express permission or invitation;

   v. Whether Defendant violated the provisions of 47 USC § 227;

5

vi. Whether Plaintiff and the other class members are entitled to statutory damages;

vii. Whether Exhibits 1 – 3 displayed each required element of the opt out notice required by 64 C.F.R. 1200;

viii. Whether Exhibits 1 – 3 displayed each required element of the date, time, and identification required by 47 USC § 227;

ix. Whether Defendant's acts were "knowing" as that term is used in 47 USC § 227;

x. Whether Defendant should be enjoined from faxing advertisements in the future; and

xi. Whether the Court should award trebled damages.

31. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

32. A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

33. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

34. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

35. The TCPA provides:

> <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)  An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)  An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,
>
> or
>
> (C)  Both such actions.

36. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

37. The TCPA is a strict liability statute and the Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

38. If the court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

39. Defendant knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendant or anyone else to fax advertisements about Defendant's goods or services, (B) Exhibits 1 – 3 were advertisements, and (C) Exhibits 1 – 3 did not display the proper opt out notice.

40. Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibits 1 – 3 hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

WHEREFORE, Plaintiff, LINDSAY TRANSMISSION, LLC, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, OFFICE DEPOT, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 to $1,500 in damages for each and every violation of the TCPA;

C. That the Court enter an injunction prohibiting the Defendant from engaging in the statutory violations at issue in this action;

D. That the Court declare that Defendant's conduct violated the TCPA and that this action is just and proper;

E. That the Court award costs and such further relief as the Court may deem just and proper;

F. That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%; and

G. That the Court award plaintiff its attorney fees and all expenses incurred in preparing and prosecuting this claim on behalf of the class.

## PRAYER

WHEREFORE, Plaintiff, LINDSAY TRANSMISSION, LLC, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendant, OFFICE DEPOT, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award statutory damages to Plaintiff and the other class members;

C. That the Court award treble damages to Plaintiff and the other class members for knowing violations of the TCPA;

D. That the Court declare that Defendant's conduct violated the TCPA and that this action is just and proper;

E. That the Court award attorney fees and costs;

F. That the Court award all expenses incurred in preparing and prosecuting these claims;

G. That the Court enter an injunction prohibiting Defendant from sending faxed advertisements; and

H. Awarding such further relief as the Court may deem just and proper.

/s/Max G. Margulis
Max G. Margulis, #24325MO
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022
F: (636) 536-6652
E-Mail: Maxmargulis@marguislaw.com

Phillip A. Bock #6224502IL
Tod A. Lewis #6256282IL
Bock & Hatch, LLC
134 North LaSalle
Chicago, IL 60602
P: 312-658-5500
F: 312-658-5555
Email: phil@bockhatchllc.com and tod@bockhatchllc.com

Brian J. Wanca, of Counsel
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com


**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January, 2013, I submitted the foregoing via this Court's CM/ECF electronic filing service, pursuant to Rule 28A(a), which served notice of the filing on the Attorneys for Defendant, David P. Stoeberl and Tina N. Babel, Carmody MacDonald, P.C., 120 S. Central Ave, Ste 1800, St. Louis, MO 63105, P: 314-854-8600, F: 314-854-8660. Email: dps@carmodymacdonald.com and tnb@carmodymacdonald.com and Michael A. Swartzendruber and Casey Moore, Fulbright & Jaworski, LLP, 2200 Ross Ave, Ste 2800, Dallas, TX 75201-2784, P: 214-855-8000, F: 214-855-8200, Email: mswartzendrubert@fulbright.com and cmoore@fulbright.com , and a courtesy copy was also served by email.


            /s/Max G. Margulis

*Ask US about our* <u>FREE PC CHECK UP</u>

**Bring in your PC for a Free PC Checkup and get entered to win a $100 Office Depot Gift Card!**

*Only at*

# Office DEPOT.
*Taking Care of Business*

**Visit us at
Office Depot #2142
133 E. Parsons Avenue
Warrensburg, MO 64093
(660) 747-9801**

## LET US SERVICE AND CLEAN YOUR PC

**Make your PC Faster Starting at $29.99**
Quick PC Tune-up:
- Optimize the performance and security of your PC
- Reduce the computer's power consumption to save you money and help the environment (623-718)

**Let us clean your PC only $9.99**
Power Clean:
- Vacuum wipe and clean your PC
- Cleaning and removing dust can help prevent overheating and extend the life of your PC (497-493)

**PC Tune & Protect for only $99.99**
- Full PC Tune-Up
- Maximizes Security
- 12 Month of McAfee® Virus Scan Plus Security software installed (436-565)

**EXHIBIT 1**

# Office DEPOT.
### Taking Care of Business





## Your SMARTER choice for copying & printing
### Let our Xerox-Certified Print Specialists help you with:

- Black & White and Color Copies • Large Format Printing
- Posters • Banners • Blueprints • Signs • Binding
- Folding • Stapling • Cutting • Laminating
- Document Shredding Services
- Business Cards & Stationery • Custom Stamps
- Promotional Products • Digital Passports / ID Photos
- Digital Photo Prints and Products
- Packing & Shipping through UPS & the U.S. Postal Service®

### www.printing.officedepot.com

Store Information:

**OFFICE DEPOT #2142**
**133 East Parsons Avenue**
**Warrensburg, MO 64093**
TEL (660)747-9801 FAX (660)747-0524
ods02142cpc@officedepot.com

 

## Save on your copying and printing.

**$10 off** a $10 purchase of Copy & Print Services



Valid in-store or online only. To redeem in-store, must present this original coupon to cashier at time of purchase. To redeem online, visit www.officedepot.com/redeemcoupon and enter the 6-digit coupon code; select the qualifying item and savings will appear at checkout. Not valid for purchases made in Office Depot outlet/clearance stores. Cannot be combined with State Purchasing or Procurement Cards. Coupon is good for one-time use only, is not transferable, is not for resale or auction and cannot be combined with other offers or promotions. To be eligible for dollars off, the purchase threshold must be met after discounts and before tax. Limit 1 coupon per household/business. Void where prohibited.
Office DEPOT  Coupon expires 6/25/11.
Excludes tax, postage stamps and all shipping/mailing services.

**$25 off** a $100 purchase of Copy & Print Services

Valid in-store or online only. To redeem in-store, must present this original coupon to cashier at time of purchase. To redeem online, visit www.officedepot.com/redeemcoupon and enter the 6-digit coupon code; select the qualifying item and savings will appear at checkout. Not valid for purchases made in Office Depot outlet/clearance stores. Cannot be combined with State Purchasing or Procurement Cards. Coupon is good for one-time use only, is not transferable, is not for resale or auction and cannot be combined with other offers or promotions. Limit 1 coupon per household/business. Void where prohibited.
Office DEPOT  Coupon expires 6/25/11.
Excludes tax, postage stamps and all shipping/mailing services.

**$20 off** your qualifying supplies purchase of $100 or more

Valid in-store only. Must present this original coupon photocopies/reproductions not valid. To cashier at time of purchase. Cannot be combined with State Purchasing or Procurement Cards. Cannot be used as an account payment. Not valid for purchases of: 1) made in Office Depot outlet/clearance stores; 2) of Gift Cards; 3) of any technology or consumer electronic products and accessories or media and software products; 4) of performance protection plans; 5) of postage or mailing/shipping services; 6) of HP Ink or toner; or 7) of Tech Depot Services or third party services. Coupon is good for one-time use only, is not transferable, is not for resale or auction and cannot be combined with other offers or promotions. We reserve the right to limit quantities sold to each customer. Limit 1 coupon per household/business. No cash back. Void where prohibited. Coupon expires 6/25/11.


Office DEPOT



© 2010 United States Postal Service®. All Rights Reserved. The Eagle Logo, the Letter Carrier Uniform, and the trade dress of USPS Packaging are among the many trademarks of the U.S. Postal Service.
© 2010 UPS, the UPS brandmark and the color brown are trademarks of United Parcel Service of America, Inc. © 2011 Office Depot, Inc. All Rights Reserved. Rubik's Cube® used by permission of Seven Towns Ltd. www.rubiks.com
The Home Office Depot® and the Office Depot® logo are registered trademarks of The Office Club, Inc.                                                                                                                                                                         CPD_CoirFlyer_052511

# EXHIBIT 2

# Office DEPOT.
### *Taking Care of Business*

#29



## Your smarter choice for copying & printing

### Let our Xerox-Certified Print Specialists help you with:

- Black & White and Color Copies • Posters • Banners
- Signs • Binding • Laminating • Promotional Products
- Business Cards & Stationery • Custom Stamps
- Custom Invitations & Announcements
- Document Shredding Services
- Digital Passports / ID Photos
- Digital Photo Prints and Products
- Packing & Shipping through UPS® & the U.S. Postal Service®

**www.printing.officedepot.com**

Store Information:

Office Depot #2142
133 E. Parsons Ave.
Warrensburg, MO 64093
Phone (660) 747-9801
Fax (660) 747-0524
E-mail: ods02142cpc@officedepot.com




## Save on your copying and printing.

**$10 off** a $10 purchase of Copy & Print Services



Valid in-store or online only. To redeem in-store, must present this original coupon to cashier at time of purchase. To redeem online, visit www.officedepot.com/perfectcoupons.do and enter the 8-digit coupon code; select the qualifying item and savings will appear at checkout. Not valid for purchases made in Office Depot outlet/clearance stores. Cannot be combined with Store Purchasing or Procurement Cards. Coupon is good for one-time use only, is not transferable, is not for resale or auction and cannot be combined with other offers or promotions. To be eligible for dollars off, the purchase threshold must be met after discounts and before tax. Limit 1 coupon per household/business. Void where prohibited.
45773637
**Office DEPOT**
Coupon expires 9/24/11.
Excludes tax, postage stamps and all shipping/mailing services.

**$25 off** a $100 purchase of Copy & Print Services



Valid in-store or online only. To redeem in-store, must present this original coupon to cashier at time of purchase. To redeem online, visit www.officedepot.com/perfectcoupons.do and enter the 8-digit coupon code; select the qualifying item and savings will appear at checkout. Not valid for purchases made in Office Depot outlet/clearance stores. Cannot be combined with Store Purchasing or Procurement Cards. Coupon is good for one-time use only, is not transferable, is not for resale or auction and cannot be combined with other offers or promotions. Limit 1 coupon per household/business. Void where prohibited.
49550136
**Office DEPOT**
Coupon expires 9/24/11.
Excludes tax, postage stamps and all shipping/mailing services.

**$20 off** your qualifying supplies purchase of $100 or more

Valid in-store only. Must present this original coupon photocopies/reproductions not valid) to cashier at time of purchase. Cannot be combined with Store Purchasing or Procurement Cards. Cannot be used as in account payment. Not valid for purchases: (1) made in Office Depot outlet/clearance stores; (2) of HP Ink or Toner; (3) of any technology or extended electronic products and accessories; (4) of rentals and software; (5) of services of performance protection plans; (6) of postage or mailing/shipping services; (7) of HP ink or toner; or (7) of Tech Depot Services or third party services. Coupon is good for one-time use only, is not transferable, is not for resale or auction and cannot be combined with other offers or promotions. We reserve the right to limit quantities sold to each customer. Limit 1 coupon per household/business. No cash back. Void where prohibited.
Coupon expires 9/24/11.


39221664
**Office DEPOT**



©2011 United States Postal Service®. All Rights Reserved. The Eagle logo and the trade dress of USPS® Packaging are among the many trademarks of the U.S. Postal Service®.
©2011 UPS. the UPS brandmark and the color brown are trademarks of United Parcel Service of America, Inc.
The name Office Depot® and the Office Depot® logo are registered trademarks of The Office Club, Inc. ©2011 Office Depot, Inc. All Rights Reserved. Rubik's Cube® used by permission of Seven Towns Ltd. www.rubiks.com   OPD_CertPFlyer_052511

# EXHIBIT 3