UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDSAY TRANSMISSION, LLC, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)  Case No. 4:12-CV-221-CEJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINAL ORDER AND JUDGMENT**

On this 23rd day of June, 2014, a hearing having been held before this Court to determine: (1) whether this action should be finally certified as a class action for settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class as defined in this Court's Order of Preliminary Approval of Proposed Class Action Settlement and Notice signed on December 10, 2013 (the "Preliminary Approval Order"); (2) whether the terms and conditions of the Settlement Agreement, dated as of November 25, 2013 (the "Agreement"), including the releases therein, are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendant Office Depot, Inc. ("Defendant") in the lawsuit now pending in this Court under the above caption (the "Lawsuit"), and should be approved; (3) whether judgment should be entered dismissing the Lawsuit with prejudice in favor of Defendant as against all persons or entities who are members of the Settlement Class certified in the Preliminary Approval Order and who have not requested exclusion from the Settlement Class; and (4) whether and in what amount to award an incentive award, attorneys' fees and reimbursement of costs and expenses to Class Counsel;

1

And the parties having entered into the Agreement only after engaging in discovery procedures, motion practice, and arms-length negotiations; and the Court, having considered all evidence and matters submitted to it at the hearing and otherwise; and it appearing that a notice of the settlement and hearing substantially in the form approved by the Court was delivered pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of an incentive award, attorneys' fees, costs, and expenses requested; and the Court having jurisdiction of the subject matter of this case and the parties to this case; and all capitalized terms used herein having the meanings as set forth and defined in the Agreement,

IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this Lawsuit.

2. For the purposes of settlement only, the Court finds that this action satisfies the applicable prerequisites for class action treatment under Rule 23(e) of the Federal Rules of Civil Procedure: namely, (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of fact or law common to the class; (c) the claims of the Class Representative are typical of the Settlement Class; (d) the Class Representative and Class Counsel have fairly and adequately protected the interests of the class; (e) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (f) class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy. Nothing herein shall be construed as an adjudication on the merits of the certifiability of a litigation class against Defendant for any purpose, including for the purpose of asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.*,

("TCPA") or otherwise based upon the transmission of facsimiles to any person, except for the sole purpose of the settlement of the Lawsuit as provided and approved herein. The Court finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case.

3. This action is hereby finally certified as a class action for settlement purposes only, on behalf of a Settlement Class defined as follows:

> All persons or entities owning a facsimile number that was published in the 2011–2013 Warrensburg Chamber of Commerce Membership Directory, which therefore may have been sent one or more facsimile advertisements, that was or were in substantially the same form as Exhibits 1, 2, and/or 3 hereto, from the Office Depot Store #2142, located in Warrensburg, Missouri, between February 1, 2011 and August 31, 2011.

Excluded from the Settlement Class are Office Depot, Inc. ("Office Depot"), including any parent, subsidiary, affiliate or controlled person of Office Depot, as well as its officers, directors, agents, servants or employees of Office Depot and the immediate family members of such persons.

4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5. The Agreement attached hereto as Exhibit "A" and all terms thereof are approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class, and the Agreement and its terms are expressly incorporated herein and made part of this Final Order and Judgment.

6. Upon the Declaration of Jennifer M. Keough, the Court finds that the notice was given to Class Members, and finds that such notice was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e (1).

7. Upon the Declaration of Jennifer M. Keough, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

8. A total of 0 objections were received and 0 parties appeared in Court at the fairness hearing to object to the settlement. All objections are overruled.

9. No persons have excluded themselves from the Settlement Class.

10. After due consideration of the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; the range of the Settlement Class's possible recovery; the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement; and the state of proceedings at which the settlement was achieved; all written submissions, affidavits, and arguments of counsel; and after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate, and reasonable. Accordingly, this Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including the class members. Each class member (except those who have previously excluded themselves from the Settlement Class by submitting a Notice to Class Counsel indicating that they are opting out and are listed in Paragraph 9 above) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in that Settlement Agreement.

11.  Office Depot has created a settlement fund (the "Settlement Fund") of THREE HUNDRED EIGHTY-ONE THOUSAND ONE HUNDRED FIFTY DOLLARS ($381,150.00) to pay all Cash Settlement Payments to qualifying Settlement Class members, to pay Class Counsel's fees and out-of-pocket expenses, to pay the Class Representative's incentive award, and to pay any Administration Costs. Unclaimed monies in the Settlement Fund shall revert to Office Depot.

12.  As agreed in the Settlement Agreement, each member of the Settlement Class who submits a timely and approved, completed Claim Form attesting to receipt of one or more facsimile advertisements from Office Depot during the Class Period that was or were in substantially the same form as Exhibits 1, 2, and/or 3 (attached to the Settlement Agreement) shall receive a Cash Settlement Payment from the Settlement Fund in the amount of $450.00. Each member of the Settlement Class who submits a timely and approved, completed Claim Form attesting to receipt of one or more facsimile advertisements from Office Depot during the Class Period that was or were in substantially the same form as Exhibits 1, 2, and/or 3 (attached to the Settlement Agreement) and submits a true and correct copy of the facsimile transmission(s) received with the Claim Form shall receive a Cash Settlement Payment from the Settlement Fund in the amount of $550.00 for each distinct facsimile transmission image submitted with the approved Claim Form (up to three). Checks issued to the claiming Class members will be void one hundred eighty-one (181) days after issuance and any amount from void checks shall be refunded to Office Depot.

13.  The Class Representative, each and every Settlement Class Member, and the heirs, administrators, executors, successors, assigns, affiliates, parents, subsidiaries, owners, directors, officers, members, managers, employees, agents, and/or representatives of any of them

(the "Releasing Parties"), are permanently barred and enjoined from instituting or prosecuting, either directly or in any other capacity, any and all "Released Claims" (as defined in paragraph 14 herein) against any and all "Released Parties" (as defined in paragraph 15 herein). Pursuant to the Release contained in the Settlement Agreement, the Released Claims are hereby declared compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment.

14. As used in this Final Order and Judgment, the term "Released Claims" means any and all claims or causes of action of any nature whatsoever, arising out of, based upon or in any way relating to the transmittal of (either directly or through another), any requests to transmit, any attempt to transmit (either directly or through another), and/or the receipt of, any facsimile transmission containing a copy of an image(s) that was or were in substantially the same form as those attached to the Settlement Agreement as Exhibit 1, 2 and/or 3 whether in generic form (as to addressee) or containing the address, fax or contact information of any particular person, entity, recipient, or intended recipient, on or between the dates of February 1, 2011 and August 31, 2011, including but not limited to any and all claims for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims, including but not limited to, the TCPA or any similar or related federal or state statute or regulation), and also including "Unknown Claims" (as defined in Section II.14.c of the Agreement), that have been or could have been asserted against the Released Parties by the Releasing Parties in this action or in any other complaint, action, or litigation in any other court or forum, and also including claims arising out of or related to the notice of this settlement.

15. As used in this Final Order and Judgment, the term "Released Parties" means Defendant Office Depot, Inc., along with its past or present directors, officers, employees,

partners, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, any entities in which Office Depot has or has had a controlling interest or that have controlled Office Depot at any time, accountants, auditors, banks or investment bankers, personal or legal representatives, predecessors, successors, parents, subsidiaries, affiliates, licensees, divisions, joint ventures, joint venturers, assigns, associates, and/or any other related or affiliated entities.

16. The Court finds that the amount of $125,779.50 for Class Counsel's attorney's fees is fair and reasonable and that the amount of $28,000.00 for Class Counsel's out-of-pocket expenses is fair and reasonable. The awarded fees are equal to 33% of the Settlement Fund and are supported by the prevailing market rate for attorneys' fees in TCPA class actions. In accordance with the Settlement Agreement, these amounts shall be paid to Class Counsel from the corpus of the Settlement Fund as set forth in the Settlement Agreement.

17. Pursuant to the parties' agreement, the Court awards the amount of $5,500 as an incentive award to Plaintiff, Lindsay Transmission, LLC, for serving as the Class Representative, and finds the amount fair and reasonable. In accordance with the Settlement Agreement, this amount shall be paid to Lindsay Transmission from the corpus of the Settlement Fund as set forth in the Settlement Agreement.

18. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

19. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or this Order do not for any reason become effective, or (c) the Settlement Agreement or this Order is reversed, vacated, or modified in any material or substantive respect,

then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Order shall be void and shall be deemed vacated.

20. For ninety (90) days after entry of this Order, the Court retains continuing jurisdiction over this action, Lindsay Transmission and all members of the Settlement Class, and Office Depot to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement. The Court retains jurisdiction to enforce this Order.

21. The Court finds that there is no just reason to delay the enforcement of or appeal from this Order.

22. The Lawsuit, including all claims against Office Depot asserted in this Lawsuit, or which could have been asserted in this Lawsuit, by or on behalf of Plaintiff and all Class Members against Office Depot, is hereby dismissed with prejudice. Except as provided in the Agreement and in paragraph 16 herein, each Party shall pay its own costs. Any and all other relief not expressly granted herein is denied. This is intended to be, and is, a final judgment and disposes of all Parties and controversies in this action.

SIGNED this 23rd day of June, 2014.

_____
HON. CAROL E. JACKSON